1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JODY H.,

                   Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

Case No. C23-5872 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

       Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI).  Plaintiff contends the ALJ erred by rejecting her symptom testimony and the medical opinions of Dr. Howard and Dr. Abraham.  Dkt. 11.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

       Plaintiff is 51 years old, has at least a high school education, and has worked as an office assistant.  Admin. Record (AR) 28.  In February 2019, Plaintiff applied for both SSI and Disability Insurance Benefits (DIB), alleging disability as of September 21, 2009.  AR 152–53, 165, 178–79, 196–97.  Plaintiff's applications were denied initially and on reconsideration.  AR 162, 174, 194, 212, 216–22, 225–30.  The ALJ conducted a hearing in September 2022, where Plaintiff amended her alleged onset date to February 5, 2019, and willingly withdrew her DIB

1    application.  AR 42, 44–46.  In November 2022, the ALJ issued a decision finding Plaintiff not

2    disabled.  AR 15–35.

3                                             **DISCUSSION**

4           The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

5    by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

6    must examine the record but cannot reweigh the evidence or substitute its judgment for the

7    ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

8    more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

9    950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

10   that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

11          1.      **Plaintiff's Symptom Testimony**

12          Plaintiff contends the ALJ erred in rejecting her symptom testimony.  Dkt. 11 at 2–5.

13          Plaintiff testified that for the past three and a half years, she has had migraines about two

14   times a week that usually leaves her bedridden.  AR 50–53.  She stated she has chronic pain and

15   numbness in her legs and feet, and that she is starting to suffer from foot drop.  AR 54.  She

16   explained she can stand or walk for half an hour on a good day and "hardly at all" on a bad day.

17   AR 67.  She also explained she can sit upright for less than an hour on a good day and "pretty

18   much not at all" on a bad day.  AR 68.  Plaintiff also testified she uses assistive devices,

19   including shower seats, grab bars, and a cane for her joints.  AR 69.

20          Where, as here, an ALJ determines a claimant has presented objective medical evidence

21   establishing underlying impairments that could cause the symptoms alleged, and there is no

22   affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

23   symptom severity by providing "specific, clear, and convincing" reasons supported by

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

1    substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

2    isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

3    it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

4            The ALJ rejected Plaintiff's testimony regarding chronic pain based on her active

5    lifestyle, citing her ability to take care of her disabled parents, manage her household, and

6    manage, ride, and care for her horses.  AR 24.  There are several treatment notes throughout

7    Plaintiff's record discussing her ability to partake in these activities.  *See* AR 467, 821–22, 824,

8    969, 1012.  Plaintiff disputes the ALJ's reference to her ability to care for and ride her horses and

9    argues that references to caring for and riding her horses were treatment goals for August 2015.

10   *See* Dkt. 11 at 4.  Plaintiff's citation to the record confirms this (AR 621), but other treatment

11   notes, most of which the ALJ cited, indicate she was engaged again in horse riding after 2015

12   and during the relevant period.  *See* AR 467 (January 2019 note stating Plaintiff "rides horses,

13   cares for horses …"), 484 (August 2018 treatment note stating Plaintiff "fell off her horse when

14   she turned quickly), 822 (June 2019 note stating Plaintiff "keeps up a fairly active lifestyle,

15   managing her horses"), 824 (same), 969 (May 2020 note stating Plaintiff "keeps up a fairly

16   active lifestyle, managing her horses").  Plaintiff also argues some of the later notes discussing

17   her horse riding and caring for her parents were "cut and paste[d]" from what Plaintiff reported

18   in June 2019.  Dkt. 11 at 5.  Some notes were duplicated (AR 822, 824), and there are statements

19   regarding Plaintiff's actively lifestyle repeated throughout the record, but Plaintiff has not shown

20   that those statements are not accurate or true.  *See Tackett v. Apfe*l, 180 F.3d 1094, 1098 (9th Cir.

21   1999) ("The burden of proof is on the claimant as to steps one to four.").  In her Reply, Plaintiff

22   points out that she stopped taking care of her parents.  Dkt. 14 at 2.  Plaintiff did testify that by

23   her amended alleged onset date, her son became responsible for her parents.  AR 56.  However,

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

1    the records show Plaintiff was still engaged in caring for her parents after her onset date.  *See* AR

2    822, 964, 969, 983, 993.  Plaintiff also disputes the ALJ's reliance on her ability to perform

3    household chores and points out she was often sore afterwards.  Dkt. 14 at 2.  But the records

4    Plaintiff cites to also show she felt better and had improved mobility.  *See* AR 463, 919.

5    Furthermore, Plaintiff's complaints of pain do not necessarily show the extent of her impairment.

6    *See Smartt*, 53 F.4th at 499 ("Even if the claimant experiences some difficulty or pain, [her]

7    daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they

8    contradict claims of a totally debilitating impairment.'").  The Court also notes the reports of

9    Plaintiff's active lifestyle were often accompanied by reports of improvement due to treatment,

10   as discussed in the next section.  Based on the multiple notations regarding Plaintiff's activity

11   level throughout the record, it was reasonable for the ALJ to infer Plaintiff's testimony regarding

12   her physical limitations was not as severe as alleged.  In rejecting Plaintiff's testimony for this

13   reason, the ALJ did not err.

14          The ALJ next rejected Plaintiff's testimony based on her improvement from treatment.

15   AR 24–25.  "Impairments that can be controlled effectively with medication are not disabling for

16   the purpose of determining eligibility for [social security disability] benefits."  *Warre ex rel. E.T.*

17   *IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  The evidence cited by

18   the ALJ show Plaintiff found physical therapy helpful to "prevent functional decline and help

19   keep pain at bay" and her lumbar nerve ablations and injections have "been effective in reducing

20   her pain to a more-manageable level with the help" of physical therapy.  AR 822, 824, 878–79,

21   964, 969.  The record also shows Plaintiff's mobility and gait improved after four physical

22   therapy sessions.  AR 969.  The treatment does show Plaintiff had increased lower back and

23   pelvic pain, but this occurred after she had lifted something heavy the month prior.  *Id.*

1    Next, the ALJ pointed out that while Plaintiff exhibited some limitation physically, her

2    records "often document overall normal observations." AR 25. The ALJ's assessment is

3    supported by multiple physical examinations showing Plaintiff had normal musculoskeletal

4    range of motion with no tenderness, Plaintiff's own denial of back or pelvic pain, and normal

5    extremity findings. AR 885, 891–92, 897, 899–900, 1055, 1163, 1183. As the ALJ also noted,

6    Plaintiff's record was silent about use of an assistive device.

7    In sum, the reasons provided by the ALJ in rejecting Plaintiff's testimony regarding her

8    chronic pain were well supported by the record. In this evaluation of this portion of Plaintiff's

9    testimony, the ALJ did not err.

10    The ALJ also did not err in rejecting Plaintiff's testimony regarding her migraines. The

11    ALJ pointed to her improvement from medication and inconsistencies with her medical record

12    and activity level. AR 25. All are valid reasons to reject a claimant's testimony. *See Warre ex*

13    *rel. E.T. IV*, 439 F.3d at 1006; *Smartt*, 53 F.4th at 498–99 (noting the ALJ may weigh objective

14    medical evidence inconsistent with the claimant's testimony as "undercutting such testimony"

15    and the ALJ may discredit the claimant's testimony based on his or her daily activities if they

16    "contradict claims of a totally debilitating impairment" even if claimant "experiences some

17    difficulty or pain").

18    Plaintiff argues the ALJ "essentially ignored" her testimony regarding her severe

19    migraines, and points out the instances where she became tearful or anxious because of her

20    migraine pain. Dkt. 11 at 3 (citing AR 1076, 1089). Plaintiff also argues it is not relevant that

21    her migraines were not intractable, because even though they responded to treatment, they were

22    "still severely debilitating." *Id.* However, the records cited by the ALJ show she reported

23    "significant improvement" from her treatment. AR 1180. The record also states her semi-

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

1   weekly migraines were mild in nature, and, in addition to being not intractable, were without

2   status migrainosus.  AR 852, 872, 874, 1181.  Finally, the ALJ rejected Plaintiff's testimony

3   regarding her migraines because of her activity level.  AR 25.  As discussed, the record shows

4   Plaintiff took care of her parents and cared for horses, undermining her statements about how

5   often she was bedridden due to her migraines.  *See* AR 484, 822, 824, 969.  Overall, Plaintiff's

6   records do not show she was limited by her migraines to the extent she alleged.  In rejecting this

7   portion of Plaintiff's testimony, the ALJ did not err.

8           **2.      Medical Opinion Evidence**

9           ALJs must consider every medical opinion in the record and evaluate each opinion's

10  persuasiveness, with the two most important factors being "supportability" and "consistency." !

11  *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability

12  concerns how a medical source supports a medical opinion with relevant evidence, while

13  consistency concerns how a medical opinion is consistent with other evidence from medical and

14  nonmedical sources. *See id*.; 20 C.F.R. § 416.920c(c)(1), (c)(2).  Under the new regulations, "an

15  ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent

16  without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

17          **a.      Dr. Howard**

18          Dr. Howard opined that due to Plaintiff's migraines, she has moderate and marked

19  abilities in sitting and seeing, respectively.  AR 433.  Dr. Howard also opined that due to

20  Plaintiff's lumbosacral radiculopathy, Plaintiff has marked abilities in standing, lifting, carrying,

21  pushing, pulling, reaching, stooping, and crouching.  *Id*.  Dr. Howard further opined Plaintiff is

22  limited to sedentary work, that is lifting up to 10 pounds and frequently lifting or carrying

23  lightweight articles, and Plaintiff is able to walk or stand only for brief periods.  AR 494.  The

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

ALJ found Dr. Howard's opinion regarding Plaintiff's "sedentary abilities with reduced postural

activities… supported by the longitudinal record." AR 26.  However, the ALJ found Dr.

Howard's opinion regarding nonexertional abilities unsupported by the record and therefore

rejected this portion of the opinion.  *Id*.  Plaintiff contends the ALJ erred in rejecting Dr.

Howard's opinion about "the frequency and severity" of her headaches.[1]  Dkt. 11 at 6.  However,

as Defendant points out, Dr. Howard did not opine about the frequency of Plaintiff's headaches,

therefore Plaintiff's assignment of error in this regard fails.  *See* Dkt. 13 at 11.  Addressing the

severity of her headaches, the ALJ pointed to records including those showing improvement

from treatment, routine examination reports, and her activity level.  AR 26.  The ALJ's

inconsistency finding is supported by substantial evidence.  As discussed, Plaintiff reported her

medication led to improvement and treatment notes state her migraines were mild in nature.  *See*

AR 852, 872, 874, 1181.  As also discussed throughout this Order, Plaintiff participated in

activities that indicates limitations caused by her migraines were not as severe.  *See* AR 484,

822, 824, 969.  Therefore, in rejecting Dr. Howard's opinion, the ALJ did not err.

### b. Dr. Abraham

In a questionnaire prepared by Plaintiff's counsel, Dr. Abraham opined Plaintiff's

occasional paratheshis of the arm[2] and migraines interfere with "any type of activities."  AR 904.

---

[1] The ALJ rejected Dr. Howard's opinions regarding Plaintiff's nonexertional limitations, which include limitations not just based on her migraines, but also her radiculopathy.  *See* 20 C.F.R. § 416.969a(a) ("Limitations or restrictions which affect [a claimant's] ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling, are considered nonexertional."); 20 C.F.R. § 416.969(c)(1) (listing nonexertional limitations such as difficulty in seeing, hearing, reaching, handling, stooping, climbing, crawling, or crouching).  Plaintiff challenges only the ALJ's evaluation of Dr. Howard's proposed limitations with regard to her migraines, therefore the Court will only consider this portion of the ALJ's evaluation.  *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (*quoting Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (noting that the court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief).

[2] Plaintiff challenges only the ALJ's evaluation of Dr. Abraham's opinion regarding the effects of her migraine. Dkt. 11 at 6–7.  Therefore, the Court will only consider this portion of the ALJ's evaluation. *Carmickle*, 533 F.3d at

1    Dr. Abraham opined Plaintiff's migraines would interfere with her attention, concentration, and

2    persistence 30 percent or more throughout an eight-hour period.  AR 905.  Dr. Abraham also

3    opined that due to Plaintiff's migraines, Plaintiff would miss work three or more days each

4    month.  AR 906.

5          The ALJ first rejected Dr. Abraham's opinion because it lacked support.  How a medical

6    source supports his or her medical opinion with relevant objective medical evidence and

7    supporting explanations is a factor the ALJ must consider.  20 C.F.R. § 416.920c(c)(1).  Here,

8    outside of Dr. Abraham's answers, the questionnaire includes no objective medical evidence,

9    explanation, or citations to the overall record.  *See* AR 904–06.  Plaintiff's record also contains

10   no treatment notes that could have been the bases for the physician's opinion, and Plaintiff does

11   not direct to Court to any such records.  Dr. Abraham's opinion lacks supportability, therefore

12   the ALJ did not err in rejecting it.

13         The ALJ also rejected Dr. Abraham's opinion based on its inconsistency with the record.

14   How consistent a medical opinion is with evidence from other medical sources and nonmedical

15   sources is a factor the ALJ must also consider.  20 C.F.R. § 416.920c(c)(2).  Here, the ALJ

16   pointed to her treatment and activity level.  As discussed, Plaintiff reported her medication led to

17   improvement and treatment notes state her migraines were mild in nature.  *See* AR 852, 872,

18   874, 1181.  Plaintiff also participated in activities that indicate limitations caused by her

19   migraines were not as severe.  *See* AR 484, 822, 824, 969.  Therefore, in rejecting Dr.

20   Abraham's opinion for its inconsistency, the ALJ did not err.

21                                    **CONCLUSION**

22         For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

23   _____

1161 n. 2

ORDER AFFIRMING AND DISMISSING
THE CASE - 8

case is **DISMISSED** with prejudice.

DATED this 28th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
THE CASE - 9